Lenore L. Albert, Esq.   SBN 210876
LAW OFFICES OF LENORE ALBERT
7755 Center Avenue, Suite #1100
Huntington Beach, CA 92647
Telephone (714) 372-2264
Facsimile (419) 831-3376
Email: lenorealbert@msn.com

Attorney for Plaintiff, Zhejiang Crafab Electric Co., LTD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHEJIANG CRAFAB ELECTRIC CO., LTD,<br><br>        Plaintiffs,<br>vs.<br><br>ADVANTAGE MANUFACTURING, INC.; LYANN COURANT, an individual; MICHAEL COLLINS, an individual; and DOES 1 through 50, inclusive,<br><br>        Defendants. | CASE NO.<br><br>**COMPLAINT**<br>    1. Breach of Contract<br>    2. Fraud/Deceit<br>    3. False Promise<br>    4. Conversion<br>    5. Breach of Fiduciary Duty<br>        [Jury Demanded] |

1.  Plaintiff, Zhejiang Crafab Electric Co., LTD alleges five causes of action against Defendants, Advantage Manufacturing, Inc., Lyann Courant, Michael Collins and Does 1 through 50, inclusive (collectively referred to as "Defendants").

2.  This court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332 because the Plaintiff is a citizen or subject of a foreign state, the

Defendants are a citizen of a state, and the amount in controversy exceeds $75,000.00.

## The Parties

3. Plaintiff Zhejiang Crafab Electric Co., LTD is a business organization located in China that sold parts it manufactured in China to Defendant Advantage Manufacturing, Inc.

4. Defendant Advantage Manufacturing, Inc. is a business organization, form unknown that has its principle place of business located in the state of California and does business in California.

5. Defendant Lyann Courant is a resident of Orange County, California at all times mentioned in this Complaint. Plaintiff is informed and believes and alleges thereon that Lyann Courant, at all times mentioned in this Complaint, was the C.E.O. of Advantage Manufacturing, Inc. and had the authority to legally bind the corporation.

6. Defendant Michael Collins is a resident of Orange County, California at all times mentioned in this Complaint. Plaintiff is informed and believes and alleges thereon that Michael Collins was the President and/or C.F.O. of Advantage Manufacturing, Inc. and had the authority to legally bind the corporation.

7. The true names of Defendants sued as Does are unknown to Plaintiff.

    a. Doe Defendants 1 through 10 were the alter ego, representatives, agents and/or employees of other named Defendants and acted within the scope of that agency of employment.

    b. Doe Defendants 11 through 50 are persons whose capacities are unknown to Plaintiff.

8. At all times herein mentioned, Defendants, and each of them, were an owner, a co-owner, an agent, representative, partner, and/or alter ego of its co-

Defendants, or otherwise acting on behalf of each and every remaining Defendant and, in doing the things hereinafter alleged, were acting within the course and scope of their authority as an owner, a co-owner, agent, representative, partner, and/or alter ego of its co-Defendants, with the full knowledge, permission and consent of each and every remaining Defendant, each co-Defendant having ratified the acts of the other co-Defendants

9. Plaintiff is informed and believes and, upon such information and belief, alleges that each of the Defendants named herein as Does 1 through 50, inclusive, were and are in some manner responsible for the actions, acts and omissions herein alleged, and for the damage caused by the Defendants, and are, therefore, jointly and severally liable for the damages caused to Plaintiff.

10. Plaintiff is informed and believes and, upon such information and belief, alleges that each of the Defendants including Does 1 through 50, inclusive, were, at all times herein mentioned, acting in concert with, and in conspiracy with, each and every one of the remaining Defendants.

11. Wherever appearing in this Complaint, each and every reference to Defendants or to any of them, is intended to be and shall be a reference to all Defendants hereto, and to each of them, named and unnamed, including all fictitiously named Defendants, unless said reference is otherwise specifically qualified.

12. Plaintiff alleges that Defendants Michael Collins, Lyann Courant and Does 1 through 10 were subscribers of shares, shareholders or promoters of Defendant Advantage Manufacturing, Inc. There exists at all times mentioned herein a unity of interest between Defendants Michael Collins, Lyann Courant, Does 1 through 10, and Corporate Defendant Advantage Manufacturing, Inc. such that any individuality and separateness between Defendants Michael Collins, Lyann Courant and Does 1 through 10, as shareholders and Advantage Manufacturing, Inc. as the Corporate Defendant have ceased and Corporate Defendant

Advantage Manufacturing, Inc. is the alter ego of Defendant Michael Collins, Lyann Courant and Does 1 through 10 as follows:

    a.    Plaintiff is informed and believes and alleges thereon that Advantage Manufacturing, Inc. was a mere shell and sham without adequate capital assets, used by Michael Collins, Lyann Courant and Does 1 through 10 as a device to avoid individual liability and for the purpose of substituting an insolvent corporation in the place of Defendants Michael Collins, Lyann Courant and Does 1 through 10.

    b.    Corporate Defendant, Advantage Manufacturing, Inc. is and was at all times mentioned herein, so inadequately capitalized that, in comparison to the business to be done by Corporate Defendant Advantage Manufacturing, Inc. and the risks of loss attendant thereto, its capitalization was illusory or trifling.

    c.    Defendants Lyann Courant and Michael Collins used Corporate Defendant Advantage Manufacturing, Inc.'s assets for their own personal use, caused assets of Corporate Defendant Advantage Manufacturing, Inc. to be transferred to them without adequate consideration and withdrew funds from the Corporate Defendant's bank accounts for their personal use, leaving insufficient funds in the account to pay corporate debts, including but not limited to those debts with checks already drawn.

    d.    Lyann Courant and Michael Collins failed to follow corporate formalities in that the activities and the business of Corporate Defendant Advantage Manufacturing, Inc. were carried out without the holding of shareholder meetings or approval of the board of directors.

    e.    Plaintiff alleges that adherence to the fiction of the separate existence of Corporate Defendant Advantage Manufacturing, Inc. as an entity distinct from shareholder Defendants Michael Collins, Lyann Courant and Does 1

through 10 would permit abuse of the corporate privilege and would sanction fraud in that Defendants have withdrawn funds from the Corporate Defendant Advantage Manufacturing, Inc. and distributed said funds without any consideration to Corporate Defendant Advantage Manufacturing, Inc. all for the purpose of avoiding and preventing attachment and execution by creditors, including Plaintiff, thereby rendering Corporate Defendant Advantage Manufacturing, Inc. insolvent and unable to pay its obligations.

f.   As a result of the acts and omissions complained of herein, Defendants Lyann Courant, Michael Collins and Does 1 through 10 are jointly and severally liable for all relief sought herein against Corporate Defendant Advantage Manufacturing, Inc. by Plaintiff.

13. Advantage Manufacturing, Inc. is a reseller of pool parts. Advantage Manufacturing, Inc. purchased a variety of motors and other parts on a regular basis from Zhejiang Crafab Electric Co., LTD from March 2013 to the present.

14. Advantage Manufacturing, Inc. stopped making payments on the invoices which led to a debt of approximately $1.2 million dollars in unpaid purchase orders.

15. After a month of protracted discussions, in settlement of the debt, Advantage Manufacturing, Inc. represented to Zhejiang Crafab Electric Co., LTD that it was merely struggling financially, in part due to warranty issues of the products, and it would use its best efforts to turn its business around in order to pay back Zhejiang Crafab Electric Co., LTD. Zhejiang Crafab Electric Co., LTD and Advantage Manufacturing, Inc. then entered into a settlement agreement on July 17, 2017 captioned Memorandum of Understanding ("MOU"). The MOU is attached as Exhibit 1.

16. Advantage Manufacturing, Inc. failed to perform.

17. Zhejiang Crafab Electric Co., LTD demanded payment and performance but Advantage Manufacturing, Inc. refused and failed to live up to any of the promises and representations made so Zhejiang Crafab Electric Co., LTD sued.

## Causes of Action

### FIRST CAUSE OF ACTION

**(Breach of Contract)**

**(Zhejiang Crafab Electric Co., LTD, against Defendant Advantage Manufacturing, Inc., Lyann Courant, Michael Collins, and Does 1-50)**

18. Plaintiff incorporates the allegations in paragraphs 1 through 17 above as though they are fully set forth herein.
19. On July 17, 2017 Defendants Lyann Courant and Michael Collins executed a written Memorandum of Understanding on behalf of Defendant Advantage Manufacturing, Inc. A true and correct copy of the contract is attached hereto as *Exhibit 1*. The terms of the contract are incorporated herein by this reference.
20. Within four years of the filing of this action, Defendants breached the contract by failing to uphold the covenants regarding timely payment of all sums due for monthly payments of $20,000.00 totally $100,000.00 as of December 17, 2017 making $949,349.00 now due and payable.
21. Plaintiff has performed as required pursuant to the contract and law to entitle it to bring this action.
22. The balance owing on the contract after applying all claimed credits is approximately $949,349.00.
23. Plaintiff has made demand on Defendants for payment of this balance, but Defendants have refused to pay. Plaintiff has been damaged by Defendants' breach and failure to pay this amount.

### SECOND CAUSE OF ACTION

**(Fraud/Deceit)**

(Zhejiang Crafab Electric Co., LTD against Defendant Advantage Manufacturing, Inc., Lyann Courant, Michael Collins and Does 1-50)

24. Plaintiff incorporates the allegations in paragraphs 1 through 17 above and the exemplary damages section below, as though they are fully set forth herein.

25. From on or about March 2013 through July 5, 2017 Plaintiff sold Defendant various pool parts which Plaintiff manufactured in China for approximately $1,7011,055.00 FOB China.  Defendant started falling behind in payments still owing in excess of $1.2 million in May 2017. When questioned, on or about May 11, 2017 Lyann Courant and Michael Collins acting on behalf of Advantage Manufacturing, Inc. represented to Plaintiff on the phone and by email they had fallen behind on paying its invoices due to warranty issues.

26. Lyann Courant and Michael Collins' representations were false.

27. Lyann Courant and Michael Collins knew that the representation made on May 11, 2017 was false when they made it, or that they made the representation recklessly and without regard for its truth.

28. Lyann Courant and Michael Collins made the representation on May 11, 2017 with the intent that Plaintiff rely on the representation, thereby extracting money from Plaintiff to pay their employees for purported reworking done on warranty issues with the products and evading any obligation to pay the outstanding invoices or having to ship back the products to Plaintiff that had not yet been sold.

29. Defendants Advantage Manufacturing, Inc., Lyann Courant and Michael Collins obtained money, property or services through the misrepresentation of May 11, 2017.

30. In reliance on Defendants representations of May 11, 2017, Plaintiff analyzed Defendant's spreadsheet and figured out ways that Defendant's profit could improve due to wasted inefficiencies. Gray Woo, general manager of Zhejiang

Crafab Electric Co., LTD spent considerable time and resources to create a viable solution and on or about June 6, 2017 Plaintiff informed Defendants, and each of them, that the lack of payment on the receivables was crushing its business and that Plaintiff found three possible investors willing to invest in Defendant's company to get the cash flow turned around. Plaintiff's general manager, Gray Woo, then spent considerable time and money and arranged a trip to the United States to tour Advantage Manufacturing, Inc.'s facility and meet with Michael Collins and Lyann Courant on July 17, 2017, to see if he could obtain payment and come to an understanding, and if not, obtain counsel and sue for breach of contract.

31. On June 22, 2017 Lyann Courant sent Plaintiff an email proposing a lump sum payment of $224,000.00 to settle all outstanding invoices and return of stock on the $1.2 million that was still owed. Plaintiff's general manager, Gray Woo, was immediately put under paramount pressure to carry out his July 17, 2017 trip to meet the Defendants because such a low proposal could raise unfounded suspicions by the board members of Zhejiang Crafab Electric Co., LTD against Gray Woo with possible accusations which could lead to a lawsuit and possible jail based on such a low and unreasonable figure in the email.

32. On July 17, 2017 while touring the Defendant's facility in Santa Ana, Michael Collins and Lyann Courant continued to represent to Gray Woo, the general manager of Plaintiff, that the problem with cashflow was due to warranty issues and they could not pay the total invoices due to the warranty issues. Defendants then threatened that if Plaintiff did not accept their $224,000.00 offer, Defendants would just file for bankruptcy leaving Plaintiff with nothing. Plaintiff explained that his board would never accept the $224,000.00 because it was unreasonable and Defendants failure to pay was a substantial factor in driving Plaintiff out of business. So, after further negotiations, Defendants

Michael Collins and Lyann Courant orally represented that they would work with a plan the parties came up with including Defendant's ability to repay their debt to Plaintiff of at least $15,000.00 per month and that would resolve their problems, but the warranty issues had cost them approximately $240,000.00.

33. On July 17, 2017 Lyann Courant and Michael Collins, the authorized agents of Advantage Manufacturing drafted and signed a Memo of Understanding on Advantage Manufacturing letterhead and presented it to Mr. Woo.  Defendants represented they would stop evading repayment to Mr. Woo for products they had purchased from him and they would return $111,728.00 worth of stock within 30 days plus make monthly payments of $20,000.00/month and at the very least in excess of $15,000/month to Plaintiff, and convert some receivables into an equity position in order to pay off the $1.2 million-dollar debt Defendants owed Plaintiff and had went unpaid to that date. The terms of the contract are incorporated herein by this reference. (Exhibit 1)

34. Lyann Courant and Michael Collins representations made orally and in writing on July 17, 2017 were false.

35. Lyann Courant and Michael Collins knew that the representation was false when they made it, or that they made the representation recklessly and without regard for its truth.

36. The representation that Advantage Manufacturing, Inc. could not pay the invoices due to warranty issues was untrue. The truth was Defendant resold a majority of the motors, pumps and parts to others without warranty issues, but Defendants Michael Collins and Lyann Courant were withdrawing revenues out of the Corporate Defendant's bank account without adequate consideration and using it for their personal use.  Plaintiff is informed and believes and alleges thereon that Defendants knew they were actually withdrawing funds out

of the Corporation without adequate consideration and had actually sold the motors without warranty issue or repaired the 56Y 1.5HP and 2HP motors and sold those off, too when they made the representation to Plaintiff.

37. Lyann Courant and Michael Collins made the representations and drafted the MOU with the intent that Mr. Woo, general manager acting on behalf of Zhejiang Crafab Electric Co., LTD rely on the representations to induce him to waive any and all of his legal rights under the original agreement, reduce the amount owed by Defendant to Plaintiff by approximately $240,000.00 and placate him so he would not seek counsel before returning to China. The $240,000.00 was treated by Plaintiff as credits for claimed warranty costs including repair, labor and freight.

38. Plaintiff believed that by reducing the amount by approximately $240,000.00 to cover the warranty issues had resolved any problems Defendants had before entering into the MOU with Defendants.

39. The Defendants represented they would provide credible documentation to prove its accuracy but have failed to provide any credible documentation or records to prove its accuracy to date and knew they could not provide such documentation because their statements were not true and they knew it.

40. Advantage Manufacturing, Inc. obtained money, property or services through the misrepresentation.

41. In reliance on Defendants' representation that there were warranty issues and defendants would work with the plan that they devised, Plaintiff agreed to reduce what was owed by approximately $240,000.00 and waive its legal rights under the original contracts to its damage which Defendants' proximately caused as a result of their misrepresentation about warranty issues and signed the Memorandum of Understanding (MOU) drafted by Defendants on July 17,

2017. Mr. Woo signed the MOU instead of obtaining counsel before flying back to China.

42. Plaintiff's reliance was reasonable because the representations were reduced to a writing and signed by Michael Collins and Lyann Courant, officers of Defendant Advantage Manufacturing, Inc.

43. As a direct and proximate result, Plaintiff spent considerable time and money trying to find investors and create a profit out of Advantage Manufacturing, Inc. in order to recoup some of the losses Plaintiff faced by doing business with it and attempting to obtain some of the payments owed by Defendants; Plaintiff did not seek out counsel and sue on the breach of contracts for the failure of Defendant to repay approximately $1.2 million of parts it purchased from Plaintiff and resold. Plaintiff also gave up certain legal rights by signing the MOU in addition to the loss of $240,000.00.

44. Zhejiang Crafab Electric Co., LTD's reliance on Lyann Courant, Michael Collins and Advantage Manufacturing, Inc.'s oral and written representations made on May 11, 2017 and July 17, 2017 as laid out above was a substantial factor in causing Zhejiang Crafab & Electric Co., LTD's harm.

45. The aforementioned conduct of Advantage Manufacturing, Inc. was malicious and/or an intentional misrepresentation, deceit, or concealment of a material fact known to Advantage Manufacturing, Inc. with the intention on the part of the Advantage Manufacturing, Inc., Michael Collins, and Lyann Courant of thereby depriving Zhejiang Crafab Electric Co., LTD of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Zhejiang Crafab Electric Co., LTD to a cruel and unjust hardship in conscious disregard of Zhejiang Crafab Electric Co., LTD'S rights, so as to justify an award of exemplary and punitive damages.

# THIRD CAUSE OF ACTION

## (False Promise)

## (Zhejiang Crafab Electric Co., LTD against Defendant Advantage Manufacturing, Inc., Lyann Courant, Michael Collins and Does 1-50)

46. Plaintiff incorporates the allegations in paragraphs 1 through 17 above and the exemplary damages section below, as though they are fully set forth herein.

47. Advantage Manufacturing, Inc., Lyann Courant and Michael Collins made a promise to Zhejiang Crafab Electric Co., Ltd. to wit:

   a. On July 17, 2017 Lyann Courant and Michael Collins drafted a Memo of Understanding on Advantage Manufacturing, Inc. letterhead and presented it to Mr. Woo. Defendants represented they would stop evading repayment to Mr. Woo for products they had purchased from him and they would return $111,728.00 worth of stock within 30 days plus make monthly payments in excess of $15,000/month to Plaintiff in order to pay off the $949,349.00 debt Defendants owed Plaintiff and had went unpaid to that date.

48. Advantage Manufacturing, Inc., Lyann Courant and Michael Collins did not intend to perform this promise when the owners of Advantage Manufacturing made it on July 17, 2017 because the Defendants, and each of them, knew Lyann Courant and Michael Collins were siphoning funds from Advantage Manufacturing, Inc. to support their lavish lifestyle while they had been kiting checks and/or writing bad checks with insufficient funds in the bank to cover them.

49. Advantage Manufacturing, Inc. intended that Gray Woo as general manager of Zhejiang Crafab Electric Co., Ltd. rely on this promise it placed in the MOU on July 17, 2017.

50. Zhejiang Crafab Electric Co., Ltd. reasonably relied on Advantage Manufacturing, Inc.'s promise because the Defendant put the promise in writing on their letterhead and signed it.

51. As a result of Plaintiff's reliance, Plaintiff altered its conduct based on the promise made on July 17, 2017. At that time Plaintiff flew from China out to Orange County, California to get see what was going on demand payment in full and to secure legal counsel for the beach by Advantage. However, after sitting down with Advantage and based on the promise made, Plaintiff did not do hire an attorney and sue for breach. Instead Plaintiff did not seek legal counsel, demand payment in full but executed the MOU.

52. Advantage Manufacturing did not perform the promised act. Advantage did not make one single payment under the MOU. Also, Advantage shorted the return of inventory by approximately 200 motors.

53. Zhejiang Crafab Electric Co., Ltd. was harmed because Plaintiff lost approximately $240,000.00 discounted in the MOU that was owed under the original contract.  Plaintiff also lost the time by delaying his lawsuit to obtain his money that is due him.

54. That Zhejiang Crafab Electric Co., Ltd.'s reliance on Advantage Manufacturing's promise was a substantial factor in causing its harm.

55. The aforementioned conduct of Advantage Manufacturing, Inc. was malicious and/or an intentional misrepresentation, deceit, or concealment of a material fact known to Advantage Manufacturing, Inc. with the intention on the part of the Advantage Manufacturing, Inc., Michael Collins, and Lyann Courant of thereby depriving Zhejiang Crafab Electric Co., LTD of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Zhejiang Crafab Electric Co., LTD to a cruel and unjust hardship in conscious

disregard of Zhejiang Crafab Electric Co., LTD'S rights, so as to justify an award of exemplary and punitive damages.

## FOURTH CAUSE OF ACTION

### (Conversion)

**(Zhejiang Crafab Electric Co., LTD against Defendant Advantage Manufacturing, Inc., Lyann Courant, Michael Collins and Does 1-50)**

56. Plaintiff incorporates the allegations in paragraphs 1 through 17 above and the exemplary damages section below, as though they are fully set forth herein.

57. Zhejiang Crafab Electric Co., LTD is informed and believes and alleges thereon that Defendants Advantage Manufacturing, Inc. and DOES 1 through 50 had possession and control of 190 AO Smith style motors it promised to return to Zhejiang Crafab Electric Co., LTD by August 17, 2017.

58. Advantage Manufacturing, Inc., Lyann Courant, Michael Collins, and DOES 1 through 50 wrongfully exercised dominion and control over Zhejiang Crafab Electric Co., LTD'S said personal property and did not return the 190 AO Smith style motors valued between $11,020.00 and $33,060.00 on August 17, 2017 as promised.

59. Zhejiang Crafab Electric Co., LTD owned/possessed and/or had a right to possess the personal property that was converted on or about August 17, 2017.

60. Advantage Manufacturing, Inc., Lyann Courant and Michael Collins intentionally and substantially interfered with Zhejiang Crafab Electric Co., LTD's property by refusing to return the personal property (190 AO Smith style motors) after Zhejiang Crafab Electric Co., LTD demanded its return. Plaintiff is informed and believes and alleges thereon that Defendants sold these motors and Defendants Michael Collins and Lyann Courant kept all revenue made thereon.

61. Zhejiang Crafab Electric Co., LTD did not consent.

62. As a direct and proximate result of Lyann Courant, Michael Collins and Advantage Manufacturing, Inc.'s conduct and each of them, Zhejiang Crafab Electric Co., LTD was harmed because it was deprived of its personal property that Advantage Manufacturing, Inc., Michael Collins, Lyann Courant and DOES 1 through 50 were not entitled to.

63. Advantage Manufacturing, Inc., Lyann Courant, Michael Collins and DOES 1 through 50 were a substantial factor in causing Zhejiang Crafab Electric Co., LTD's harm.

64. The aforementioned conduct of Advantage Manufacturing, Inc. was malicious and/or an intentional misrepresentation, deceit, or concealment of a material fact known to Advantage Manufacturing, Inc. with the intention on the part of the Advantage Manufacturing, Inc., Michael Collins, and Lyann Courant of thereby depriving Zhejiang Crafab Electric Co., LTD of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Zhejiang Crafab Electric Co., LTD to a cruel and unjust hardship in conscious disregard of Zhejiang Crafab Electric Co., LTD'S rights, so as to justify an award of exemplary and punitive damages.

## FIFTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)
### (Zhejiang Crafab Electric Co., LTD against Defendant Advantage Manufacturing, Inc., Michael Collins, Lyann Courant and Does 1-50)

65. Plaintiff incorporates the allegations in paragraphs 1 through 64 above and the exemplary damages section below, as though they are fully set forth herein.

66. Plaintiff is informed and believes and alleges thereon that Defendant Advantage Manufacturing, Inc. was insolvent on July 17, 2017 when it entered into the MOU with Plaintiff. As an insolvent entity, Defendant Advantage Manufacturing, Inc. owed Plaintiff as a creditor a fiduciary duty.

67. Alternatively, or additionally to paragraph 66 above, Defendants Advantage Manufacturing, Inc., Michael Collins and Lyann Courant owed Plaintiff a fiduciary duty because one was created in the MOU dated July 17, 2017 which is attached as Exhibit 1.

68. Defendant acted on Plaintiff's behalf in selling Zhejiang Crafab Electric Co., LTD motors and parts to bring in revenue into the business, and returning inventory that could create cashflow to Zhejiang Crafab Electric Co., LTD, the purpose of which was to pay back Crafab for all of the motors and parts it had supplied to Advantage Manufacturing, Inc. over the past four years.

69. Advantage Manufacturing, Inc. breached its fiduciary duty because it failed to act like a reasonably careful insolvent debtor to Zhejiang Crafab Electric Co., LTD and/or agent/joint venture/partner/party to the MOU would have acted under the same or similar circumstances.

70. Michael Collins and Lyann Courant breached their fiduciary duty because they failed to act like a reasonably careful agent/joint venture/partner/party to the MOU would have acted under the same or similar circumstances.

71. Plaintiff is informed and believes and alleges thereon that Defendants' Advantage Manufacturing, Inc., Lyann Courant, and Michael Collins breach included but was not limited to self-dealing (e.g. skimming off of the incoming Advantage Manufacturing, Inc. revenue from the sale of Zhejiang Crafab Electric Co., LTD motors and spending it on a lavish lifestyle instead of paying Plaintiff back or putting it into Advantage Manufacturing, Inc. for profits); failed to disclose accurate accountings to Zhejiang Crafab Electric Co., LTD; and turned to buying motors from other sources (breaching a duty of loyalty laid out in the MOU).

16
**COMPLAINT**
*Zhejiang Crafab Electric Co., LTD v Advantage Manufacturing, Inc.*

72. As a result, Plaintiff's revenue stream was cut off. Defendants Advantage Manufacturing, Inc., Lyann Courant and Michael Collins' conduct was a substantial factor in causing that harm.

### EXEMPLARY DAMAGES

73. Lyann Courant and Michael Collins, and Does 1 through 10 conduct is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

74. Lyann Courant and Michael Collins had been intentionally kiting checks and/or writing bad checks as way of doing business while they pulled incoming revenue out of the business accounts and used it to support their lavish lifestyle.

75. Lyann Courant and Michael Collins, and Does 1 through 10 intentionally misrepresented or concealed a material fact as specifically alleged throughout this complaint.

76. An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy. Lyann Courant and Michael Collins, and Does 1 through 10 were managing agents of Advantage Manufacturing, Inc.

77. The malice, oppression, or fraud was conduct of one or more officers, directors, or managing agents of Advantage Manufacturing, Inc., who acted on behalf of Advantage Manufacturing, Inc. Michael Collins and Lyan Courant were aware of the laws in China and that corporate managers in China could face imprisonment for misconduct and they intentionally sent emails to Gray Woo, general manager of Zhejiang Crafab Electric Co., LTD to intimidate him, lodge false claims to create disruption within Plaintiff's

company in order to evade payment for the goods shipped to them that they resold to reputable businesses like Leslie's Pools.

78. Alternatively, the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Advantage Manufacturing, Inc.

79. Alternatively, one or more officers, directors, or managing agents of Advantage Manufacturing, Inc. knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred. They adopted each and every act, including sending the updates and emails to Plaintiff that were not true of the company's financial position.

80. The aforementioned conduct of Advantage Manufacturing, Inc. was malicious and/or an intentional misrepresentation, deceit, or concealment of a material fact known to Advantage Manufacturing, Inc. with the intention on the part of the Advantage Manufacturing, Inc., Michael Collins, and Lyann Courant of thereby depriving Zhejiang Crafab Electric Co., LTD of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Zhejiang Crafab Electric Co., LTD to a cruel and unjust hardship in conscious disregard of Zhejiang Crafab Electric Co., LTD'S rights, so as to justify an award of exemplary and punitive damages.

81. This type of conduct must be stopped. Plaintiff should be entitled to attorney fees pursuant to 1021.5.

### PRAYER FOR RELIEF

**WHEREFORE, Plaintiffs pray for judgment** against Defendants, and each of them, as follows:

**First Cause of Action for Breach of Contract**

1. For Consequential damages;
2. Interest;

3. Costs;

4. Any further relief the court would deem appropriate and just.

**Second and Third Causes of Action for Fraud, False Promise & Deceit**

1. For actual damages;

2. General damages;

3. Costs;

4. Attorney fees;

5. Punitive damages;

6. Any further relief the court would deem appropriate and just.

**Fourth Cause of Action for Conversion**

1. For actual damages;

2. For general damages;

3. Costs;

4. Punitive Damages; and

5. Any further relief the court would deem appropriate and just.

**Fifth Cause of Action for Breach of Fiduciary Duty**

1. For actual damages;

2. For general damages;

3. Restitution relief;

4. Prejudgment Interest;

5. Costs;

6. Punitive Damages; and

7. Any further relief the court would deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to those issues that are not equitable in nature.

Dated: December 29, 2017	Respectfully Submitted,
LAW OFFICES OF LENORE ALBERT
/s/ Lenore Albert_____
LENORE L. ALBERT, ESQ.
Attorney for Plaintiff, Zhejiang Crafab Electric Co., LTD